# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-3627

_____

Brandy Wilson,                          *
                                        *
              Appellant,                *
                                        *   Appeal from the United States
       v.                               *   District Court for the Eastern
                                        *   District of Arkansas.
Michael J. Astrue,[1]                   *
                                        *
              Appellee.                 *

_____

Submitted: April 13, 2007
Filed: July 19, 2007

_____

Before WOLLMAN, BEAM, and COLLOTON, Circuit Judges.

_____

BEAM, Circuit Judge.

Wilson sought disability benefits for her inability to work based upon ailments with an onset date of January 1, 1995 . The Administrative Law Judge (ALJ) listed the following disabilities as the basis for Wilson's claim: carpal tunnel syndrome; problems with the fingers; obesity; stomach pain; nausea and occasional vomiting; asthma; nervousness and anxiety; learning disability; depressive disorder and

_____

[1]Michael J. Astrue has been appointed to serve as Commissioner of Social Security, and is substituted as appellee pursuant to Federal Rule of Appellate Procedure 43(c)(2).

borderline personality disorder. The ALJ denied benefits and the district court affirmed. For the reasons set forth herein, we reverse and remand.

## I. BACKGROUND

Wilson is about five feet, five inches tall and weighs approximately 290 pounds. She has a tenth grade education, never received her GED, and has no vocationally relevant past work experience. She applied for SSI benefits twice in the past, in 1992 and 1999, and was denied each time. The movement of her ring finger and small finger on her right hand is limited due to tendon problems. Wilson alleges that she suffers from severe depression and has received mental health care off and on for many years. She experiences nervousness and panic attacks when around people. She claims this anxiety limits her ability to work around others for extended periods of time.

Wilson spends a normal day dropping off her child at daycare and alternating between lying in bed and watching television. Given her obesity, she has difficulty walking too far and has related back problems. Wilson has repeatedly been under the care of a physician for her various ailments since 1999 and has been prescribed many different drugs for her depression and mood swings. She is in the low average range of intellectual functioning with a full scale IQ of 78. Among many other treatments and physician visits, from January 22, 2004, through the time of the hearing, Wilson was treated by Dr. G.R. Guntharp and Rebecca Barron for symptoms of depressive disorder and borderline personality disorder and received a good prognosis toward the end of that treatment. However, there is also an indication in the record that on March 28, 2005, Dr. Larry Felts noted a diagnostic impression of bipolar disorder (moderate) with psychotic features. Throughout the time in question, Wilson's treatment notes and records reveal a history of lethargy, depression, obesity, adjustment disorder, limiting anxiety, and various psychotic symptoms. Her counselor testified that in

many ways, Wilson was at her best at the time of the hearing, without much possibility of large improvements.

The vocational expert (VE) testified that Wilson could perform unskilled work as an assembler. In the first hypothetical question, the ALJ asked whether there is work for an individual with the same age and educational background as Wilson who, due to obesity and back pain, is limited to work at a sedentary exertional level in which interpersonal contact is incidental to the work performed, the complexity of tasks is learned and performed by rote, involves few variables and requires little judgment and simple, direct and concrete supervision. The VE responded that Wilson could work as an unskilled assembler with these restrictions. In a second hypothetical, the ALJ asked the VE to assume the above restrictions and also to assume the individual is unable to perform fine manipulations with the ring and little fingers of the dominant hand. The VE again responded that Wilson could work as an assembler. In a final hypothetical, the ALJ asked the VE to assume the above restrictions and also to assume a poor ability to deal with work stresses, deal with supervisors and co-workers, and a poor ability to demonstrate reliability. The VE responded that there would not be any jobs an individual could perform under those circumstances.

Using the five-step evaluation under 20 C.F.R. § 416.920 to determine whether Wilson is disabled, the ALJ determined (1) Wilson had not engaged in substantial gainful activity; (2) the combination of Wilson's impairments amount to a "severe" impairment; (3) none of Wilson's impairments meet or exceed any of the specific listed impairments in the regulations; (4) Wilson had no past relevant work; and (5) that the Commissioner met its burden in showing that there were a significant number of jobs in the economy Wilson could perform, including work as an assembly worker, based in part on the testimony of a vocational expert.

## II.    DISCUSSION

Our task is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole.  Reed v. Barnhart, 399 F.3d 917, 920 (8th Cir. 2005).  "Substantial evidence 'is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion.'" Chunn v. Barnhart, 397 F.3d 667, 671 (8th Cir. 2005) (quoting McKinney v. Apfel, 228 F.3d 860, 863 (8th Cir. 2000)).  We consider evidence that detracts from the decision as well as evidence that supports it.  Porch v. Chater, 115 F.3d 567, 571 (8th Cir. 1997).

Here, we find substantial evidence to support the ALJ's conclusions at steps one through four of the five-step analysis, but deviate from the ALJ's analysis at step five. Wilson challenges the hypothetical questions posed to the VE by the ALJ. "'Testimony based on hypothetical questions that do not encompass all relevant impairments cannot constitute substantial evidence to support the ALJ's decision.'" Hillier v. Soc. Sec. Admin., 486 F.3d 359, 365 (8th Cir. 2007) (quoting Lacroix v. Barnhart, 465 F.3d 881, 889 (8th Cir. 2006)).  "Hypothetical questions should set forth impairments supported by substantial evidence on the record and accepted as true and capture the concrete consequences of those impairments.  Hillier, 486 F.3d at 365 (internal quotations omitted).

Noted earlier, the ALJ posed three separate hypotheticals to the VE at the hearing.  Wilson claims that two of the hypotheticals raised by the ALJ were defective in that they did not accurately describe Wilson's mental disorders, which impose far greater limitations than the ALJ described.  We agree.  Since 2004, Wilson has received diagnoses for major depression, psychotic symptoms, bipolar disorder with mixed psychotic features and anxiety, and posttraumatic stress disorder.  Wilson claims she has received lifelong mental health care because of her attempted suicides, childhood sexual abuse and foster care.  And her treating health care professionals

note the ill-effect that her troubled past and childhood has on her current mental deficiencies. At one time, she received a Global Assessment of Functioning (GAF) score of 43, and a full scale IQ score of 78 from Dr. Gilchrist, a licensed psychologist who examined Wilson in connection with the current claim for benefits.

In reviewing all of the evidence, the ALJ acknowledged Wilson's mental health history but particularly honed in on diagnoses and notes from a doctor where Wilson denied symptoms of depression during one visit and only credited Ms. Barron's testimony, the individual with the most regular contact with Wilson at the time of the hearing, to the extent it confirmed Wilson's abilities, limited as they were. The ALJ held that Wilson's moderate bipolar disorder was medically controlled with only intermittent follow-up of medication maintenance. In addition to the medical evidence, the ALJ evaluated Wilson's subjective complaints and found they lacked credibility.

We have carefully reviewed the record and cannot conclude that the decision is supported by substantial evidence on the record as a whole. The ALJ did not articulate why the third hypothetical, which more closely encompassed Wilson's residual functional capacity, was not persuasive in the final assessment. There was significant evidence from treating physicians and health care professionals, mainly Dr. Guntharp and Ms. Barron, that Wilson suffers greatly from her mental illnesses–that she has chronic feelings of being overwhelmed with daily living. The gist of Ms. Barron's testimony was that Wilson does well "considering her circumstances." And, the GAF and full scale IQ scores are certainly pieces of the hypothetical puzzle necessary to gain an accurate overall assessment of Wilson's functioning. These portions of testimony and evidence, along with the records of other treating physicians overwhelmingly support the conclusion that Wilson is limited in her ability to interact with the public and co-workers. It is well settled that a treating source's opinion is to be given controlling weight if the opinion is supported by medically accepted clinical and laboratory diagnostic techniques and is consistent with other substantial evidence.

20 C.F.R. § 404.1527(d)(2). Accordingly, there likely are no significant number of jobs in the economy Wilson could perform. For these reasons, the case must be remanded for an award of benefits.

## III. CONCLUSION

Accordingly, we reverse the judgment of the district court and remand with instructions to return the case to the Commissioner for further proceedings consistent with this opinion.

_____